# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **SPECTRUM KITCHENS, INC.,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:07-cv-165(HL) |
| **SRC CONSTRUCTION, INC.,** | : | |
| **ARCH INSURANCE COMPANY,** | : | |
| **MOODY FAMILY HOUSING, LLC,** | : | |
| **MFH DEVELOPMENT, LLC, and** | : | |
| **MFH HOLDING COMPANY, LLC,** | : | |
| Defendant. | : | |

# **ORDER**

This case was removed from the State Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia on August 10, 2007. It was transferred to this Court on September 20, 2007. Consistent with the practices of this Court, the Notice of Removal was subjected to an initial review. Following review of the Notice of Removal, the Court directs Defendant to amend consistent with the following.

Plaintiff, Spectrum Kitchens, Inc., filed a Complaint for Money Damages, Bond Claim, and Lien Foreclosure Action in the State Court of Fulton County, Georgia, on June 21, 2007. In addition to naming Arch Insurance Company as a Defendant, Plaintiff named SRC Construction, Inc., Moody Family Housing, LLC, MFH Development, LLC, and MFH Holding Company, LLC, as Defendants. Plaintiff claims SRC Construction, Inc., failed to pay for materials that were provided to it. Plaintiff further claims it is entitled to recover the amount

owed by SRC Construction under the terms of a payment bond issued by Arch Insurance Co. Plaintiff alleges Moody Family Housing, LLC, MFH Development, LLC, and MFH Holding Company, LLC, are the real owners of the property at issue. Plaintiff has recorded liens on the property for the work that was completed on the property but for which no payment was made. Plaintiff sought damages in the amount of $310,528.00, plus interest and attorney's fees, jointly and severally from all Defendants.

Arch Insurance, with the consent of the other Defendants, filed the Notice of Removal at issue here, alleging federal jurisdiction based on diversity. Specifically, Arch Insurance alleges Plaintiff is a Georgia corporation with its principal place of business in Georgia; SRC Construction is a Connecticut corporation; and Arch Insurance is a Nebraska corporation with its principal place of business in New York. Arch Insurance further alleges that Moody Family Housing, LLC, is not a Connecticut Limited Liability Company, but is instead a corporation organized under the State of Delaware. Finally, Arch Insurance alleges that MFH Development, LLC, and MFH Holding Company, LLC, are Connecticut Limited Liability Companies.

A civil action "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C.A. § 1441(a) (West 2006). District courts have original jurisdiction of all civil actions in which the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C.A. § 1332(a) (West 2006). For purposes of 28 U.S.C.A. § 1332, a corporation is deemed to be a citizen of any state in which it has been incorporated and the state where it has its one principal place of business. 28 U.S.C.A. § 1332(c)(1) (West 2006). Thus, pursuant to 28 U.S.C.A. § 1332, a

corporation, such as Arch Insurance, may be deemed to be a citizen of more than one state.

The citizenship of a limited liability company is not determined in the same manner as a corporation, however. In the Eleventh Circuit, the citizenship of a limited liability company, as an artificial, unincorporated entity, is determined for diversity jurisdiction purposes by the citizenship of all the members composing the organization. Rolling Greens MHP v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004). Thus, a limited liability company is a citizen of any state of which a member of the company is a citizen. Id. at 1022. And, therefore, like a corporation, a limited liability company could be deemed a citizen of more than one state.

Because federal courts are courts of limited jurisdiction, they "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim." Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003). Furthermore, a defendant removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties. Rolling Greens MHP, 374 F.3d at 1022 (citing Williams v. Best Buy Co., Inc. 269 F.3d 1316, 1318 (11th Cir. 2001)). To sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of all the members of the limited liability company. Id.

In examining the jurisdictional allegations presented in the Notice of Removal, the Court finds they are lacking. Specifically, Arch Insurance has failed to identify the citizenship of each of the members of MFH Development, LLC, and MFH Holding Company, LLC. Arch Insurance has also failed to plead the principal place of business of SRC Construction. Insofar

3

as Moody Family Housing, LLC, may be a limited liability company, Arch Insurance has failed to identify the citizenship of each of its members; to the extent that Moody Family Housing, LLC, may be a corporation organized under the State of Delaware, Arch Insurance has failed to identify its principal place of business.

As a result of the noted deficiencies, this Court is unable to ascertain whether complete diversity of citizenship exists, and therefore the Notice of Removal fails to satisfy the prerequisites of subject matter jurisdiction. However, the Court is of the opinion that Arch Insurance should be allowed to amend to correct the deficiencies noted. Accordingly, Arch Insurance shall have twenty days from the date of entry of this Order in which to file an amendment that conforms to the findings of this Order. Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in remand for lack of jurisdiction.

**SO ORDERED**, this the 12th day of October, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls